J S - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:25-cv-02471-SSS-SPx | Date | November 20, 2025 |
|---|---|---|---|
| Title | *Lanyice Delay v. Wal-Mart Associates, Inc. et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEY'S FEES [DKT. NO. 9]**

Before the Court is Plaintiff's Motion to Remand Case to California State Court filed on October 3, 2025. [Dkt. No. 9, "Motion"]. Defendant submitted an Opposition on October 24, 2025, and Plaintiff submitted her Reply on October 31, 2025. [Dkt. No. 12, "Opposition" or "Opp."; Dkt. No. 13, "Reply"]. Within the Motion is a Request for Attorney's Fees. [Motion at 26–27]. The Court **GRANTS** the Motion and the Request for Attorney's Fees.

I.   **FACTUAL AND LEGAL BACKGROUND**

Plaintiff Lanyice Delay worked as a Digital Personal Shopper at Wal-Mart in Hesperia, California beginning in April 2024. [Dkt. No. 1-1 at 4, "Complaint"]. Around February of 2025, Plaintiff alleges hearing various derogatory and racist comments made by her coworkers that she found demeaning and threatening. [Complaint at 5]. Despite Plaintiff's attempts to escalate these concerns by filing a written report with her supervisor Juan Guerra, Plaintiff alleges Defendants Guerra

and Wal-Mart took no remedial steps to investigate the allegedly hostile work environment. [*Id.* at 6].

On August 14, 2025, Plaintiff filed the underlying suit against Defendants Wal-Mart and Juan Guerra in the San Bernardino County Superior Court, bringing various state law claims arising from this conduct. [*See generally* Complaint]. Defendant Wal-Mart ("Wal-Mart") removed the suit to federal court on September 19, 2025, on the basis of diversity jurisdiction. [*See* Dkt. No. 1, "Notice of Removal"]. In the Notice of Removal, Defendant Wal-Mart contends that Defendant Juan Guerra ("Guerra") is a "sham defendant," and that his citizenship is irrelevant for purposes of removal. [Notice of Removal at 5].

Plaintiff now seeks to remand the case back to the San Bernardino County Superior Court, challenging Wal-Mart's assertion of diversity jurisdiction. [*See generally* Motion]. Wal-Mart maintains that Guerra is a sham defendant, that Plaintiff cannot establish her claims against him, and thus that the Court should deny the Motion. [*See* Opposition].

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, federal courts can only hear cases if "there is a valid basis for federal jurisdiction." *Ayala v. Am. Airlines, Inc.*, No. 2:23-cv-03571, 2023 WL 6534199, at *1 (C.D. Cal. Oct. 6, 2023) (citing *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991)).

A defendant may remove the case to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). If a plaintiff contests the removability of an action, the burden is on the removing party to show by a preponderance of the evidence that the requirements for removal were met. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Under 28 U.S.C. § 1332, a district court has original jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between 'citizens of different States.'" *Jimenez v. General Motors*, LLC, No. 2:23-cv-06991, 2023 WL 6795274, at *2 (C.D. Cal. Oct. 13, 2023).

If there is any doubt as to the right to removal, a court must remand the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (stating "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing *Gaus*, 980 F.2d at 566).

## III. DISCUSSION

Plaintiff makes four arguments for remand. *First*, Plaintiff asserts that removal statutes are to be strictly construed in her favor, which would result in remand. [Motion at 10]. *Second*, Plaintiff suggests Wal-Mart fails to carry its burden to demonstrate that removal was proper. [*Id.* at 11]. *Third*, Plaintiff contests whether Guerra was fraudulently joined. [*Id.* at 12]. *Fourth*, and finally, Plaintiff suggests in the alternative that remand is premature where she has not had the opportunity to conduct discovery. [*Id.* at 25–26]. Taken together, Plaintiff asks the Court either remand the case or grant her leave to amend. [*Id.* at 26–27].

Defendant's removal rests on the idea that Guerra, the only alleged California Defendant, was fraudulently joined because the Complaint does not attribute conduct toward Guerra that would maintain any claims against him. [Notice of Removal at 6–12]. Absent Guerra, the parties are diverse.

For the reasons stated below, and the Motion is **GRANTED**.

### A. Fraudulent Joinder

Diversity jurisdiction in this case turns in part on whether Plaintiff can establish a cause of action against Guerra.[1] Plaintiff alleges Guerra is a resident of California (and Wal-Mart does not contest this), and Wal-Mart is a citizen of Delaware and Arkansas for jurisdictional purposes. [Complaint at 3; Notice of Removal at 5]. If Guerra is a citizen of California, as Plaintiff argues, the parties are not diverse, and the Court must remand.

A defendant may remove a case with a non-diverse defendant on the basis of diversity jurisdiction and then seek to persuade the district court that the non-

---

[1] The parties do not contest the amount in controversy is above $75,000. 28 U.S.C. § 1332(a). [*See* Opp. at 8 n.1].

diverse defendant was fraudulently joined. *See McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir.1987). A non-diverse defendant is fraudulently joined if it can show that "the plaintiff fails to state a cause of action against a resident [non-diverse] defendant." *Id.* In other words, fraudulent joinder occurs when "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir.1998). The Fifth Circuit has noted that this burden is a "heavy one." *Green v. Amerada Hess Corp.,* 707 F.2d 201, 205 (5th Cir.1983). "The removing party must prove that there is *absolutely no possibility* that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Id.* (emphasis added).

The Complaint brings the following causes of action against Guerra: (1) hostile work environment under California's Fair Employment and Housing Act ("FEHA") (Claim 2); (2) intentional infliction of emotional distress ("IIED") (Claim 8); and (3) negligent infliction of emotional distress ("NIED") (Claim 9). [Complaint at 7–8, 15–16]. Wal-Mart must establish that Plaintiff fails to state any colorable legal claim against Guerra, regardless of Plaintiff's motive for joining him. *See Albi v. Street & Smith Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944).

Defendant argues that the Complaint is factually deficient as relating to claims against Guerra and that these claims are deficient as a matter of law. [Notice of Removal at 6; Opp. at 10–22]. Relating specifically to Plaintiff's hostile work environment claim, Defendant suggests "Plaintiff completely fails to attribute any wrongdoing to Guerra" that would support a FEHA harassment claim. [Opp. at 14–15]. Defendant further asserts that Plaintiff cannot cure factual deficiencies by amending. [*Id.* at 23–24]. In doing so, Defendant seeks to limit the Court's inquiry to the Complaint. [*See* Opp. at 23].

Where Defendant raises fraudulent joinder in opposition to the Motion, federal courts may look beyond the pleadings to determine whether the challenged joinder was in fact a sham or fraudulent device to prevent removal. *See Charlin v. Allstate Ins. Co.*, 19 F. Supp. 2d 1137, 1140 (C.D. Cal. 1998). The Court may "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Id.* Doubt arising from inartful, ambiguous, or technically defective pleadings should be resolved in favor of remand. *Id.* Defendant must also demonstrate "there is no possibility that the plaintiff could

prevail on any cause of action it brought against the non-diverse defendant." *Burris v. AT & T Wireless, Inc.*, No. C 06–02904 JSW, 2006 WL 2038040, at *1 (N.D.Cal. July 19, 2006). Remand must be granted unless the defendant shows that the plaintiff "would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Id.* at *2. Here, Defendants fail to make the necessary showing.

Taking the Complaint, Motion, and Reply together, Guerra was Plaintiff's direct supervisor during her employment at Wal-Mart. [Complaint at 3]. The Complaint alleges that Plaintiff submitted a written statement detailing her unease regarding the racially hostile statements made by coworkers. [*Id.* at 5]. When Plaintiff asked Guerra regarding the status of the investigation into her complaint, Guerra dismissed her and said he would "take care of it." [*Id.*]. The Complaint further notes that Guerra met with Plaintiff to notify her that she was being accused of hate speech and racial slurs. [*Id.* at 6]. As relating to hostile work environment, the Complaint alleges Guerra "directly engaged in harassing conduct and ratified and/or condoned the harassing conduct of others." [*Id.* at 8–9]. The Motion and Reply argue that Guerra "fabricated a defamatory allegation" against Plaintiff, which she learned of only when Guerra met with her to discuss her termination. [Motion at 18; Reply at 3]. "A defendant is not a fraudulently joined or sham defendant simply because the facts and law may further develop in a way that convinces the plaintiff to drop that defendant." *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009).

Even if Plaintiff did not plead facts sufficient to state a claim against Guerra, Defendants have not established that Plaintiff could not amend her pleadings and ultimately recover against Guerra for harassment under the FEHA. Guerra was Plaintiff's direct supervisor, and whether he did so in good or bad faith, it is clear that Guerra played a role in Plaintiff's termination. [Complaint at 6]. Plaintiff's Reply suggests the "totality of [Guerra']s *actions*" might form the basis of the hostile work environment claim. [Reply at 3].

The Court, upon reviewing the Complaint, Notice of Removal, and the parties' briefings, finds Defendant Wal-Mart has not shown Plaintiff has absolutely no possibility in prevailing in her hostile work environment claim against Guerra. Because the Court must remand where doubts to the propriety of removal exist, the Court **GRANTS** Plaintiff's Motion. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### B. Request for Attorney Fees and Costs

Plaintiff further requests the Court award her at least $2,475.00 in attorney fees and costs incurred due to Defendant's improper removal. [Motion at 26–27].

When granting a motion for remand, the district court may order the defendant to pay plaintiff its "just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The decision to award attorney fees lies within the trial court's discretion, and does not require a showing that removal was in bad faith. *Moore v. Permanente Medical Group, Inc.,* 981 F.2d 443, 446 (9th Cir.1992).

Counsel for Plaintiff attests to charging an hourly rate of $495. [Dkt. No. 9-1 at 2]. The Court finds that an hourly rate of $495 is appropriate. *See Stratton v. Beck*, 9 Cal. App. 5th 483, 496 (2017) (finding an hourly rate of $450 reasonable for an employment case in 2017). Moreover, at the time of filing the Motion, Counsel for Plaintiff had spent two hours researching and preparing this Motion. [Dkt. No. 9-1 at 2]. Her declaration further states she expected to spend two hours composing a Reply to Defendant's Opposition. [*Id.*]. The Court finds Counsel expended a reasonable amount of time preparing the Motion and Reply.

The Court finds that an award of reasonable attorney fees and costs is appropriate here. Where Counsel indicated her hourly rate was $495 and spent four hours in this action, the Court calculates that the total amount of attorney's fees for this motion totals to $1,980—rather than the requested $2,475 (an amount that lacks support in Counsel's declaration). An award of $1,980 in attorney fees and costs is thus appropriate under 28 U.S.C. § 1447(c), and Plaintiff's Request is **GRANTED** in that amount.

### IV. CONCLUSION

Because Defendant Wal-Mart has not met its burden to establish complete diversity between the parties, the Court finds diversity jurisdiction does not exist over this case. 28 U.S.C. § 1332(a). Thus, the Court finds removal was improper under 28 U.S.C. § 1441(a) and **GRANTS** Plaintiff's Motion. [Dkt. No. 9]. Plaintiff's Request for Attorney's Fees is further **GRANTED** in the amount of $1,980.

      The Clerk is **DIRECTED** to remand this action to San Bernardino County Superior Court.

**IT IS SO ORDERED.**